# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LEE KENNEDY, | CV F   07-1055 OWW SMS HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| | [Doc. 1] |
| CHARLES DANIELS, | |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]

Petitioner filed the instant petition for writ of habeas corpus on July 24, 2007.  Petitioner contends that he has served in excess of his original 12-year sentence in federal custody, and the Commission failed to conduct a hearing or present him with an expedited revocation proposal until he had been in custody for more than 90 days after being retaken into federal custody on March 20,2 006.  Respondent filed an answer to the petition on November 2, 2007. (Court Doc. 16.)  Petitioner did not file a traverse.

## BACKGROUND AND STATEMENT OF FACTS

On April 28, 1986, the United States District Court for the Northern District of California sentenced Petitioner to a 12-year prison sentence (on Count One) and a 5-year consecutive period

---

[1] Respondent submits that the Warden at FCI Sheridan, Charles Daniels, is Petitioner's current custodian. Accordingly, it is ordered that Warden Daniels is substituted in place of Respondent Alberto Gonzales.

1  of probation (on Count Two).² Exhibit A, attached to Answer.  Although Petitioner was eligible
2  for parole, it was denied by the United States Parole Commission.  After serving nearly seven
3  years of imprisonment, on June 10, 1993, Petitioner was released on supervision until the
4  expiration of his sentence less 180 days, i.e., until May 24, 1997.  Exhibit B; 18 U.S.C. §§ 4163,
5  4164.³  At the time of his release, Petitioner had 1,624 days remaining on his sentence.  Id.  The
6  5-year probation term (on Count Two) began on the date of Petitioner's release from prison.
7  Exhibit A; United States v. Laughlin, 933 F.2d 786, 789 (9th Cir. 1991).

8  On November 4, 1993, five months after Petitioner's release, a warrant for his arrest was
9  issued by the Commission.  Exhibit C.  The warrant was issued for using drugs, failing to report
10 as ordered, robbery and attempted robbery.  Exhibit D.  Petitioner was subsequently convicted in
11 the Los Angeles County Superior Court of second degree robbery, attempted commercial
12 burglary, and receiving stolen property.  He was sentenced to 10 years in state prison.  Exhibit E.
13 The warrant issued by the Commission was lodged as a detainer during the time Petitioner was
14 serving his state sentence.  Exhibit F.

15 On July 21, 1999, after Petitioner completed his state sentence, Petitioner was sentenced
16 by the United States District Court of California to four years in prison for violating the
17 conditions of his probation.  Exhibit G.  As the sentence was based on a violation of the term of
18 his probation, it was a sentence on Count Two, not Count One, for which he received the original
19 12 year term.  Consequently, Petitioner did not receive credit for this term toward the remaining
20 time on his 12 year sentence.

21 On February 1, 2000, a Parole Commission hearing examiner conducted a combined
22 initial parole hearing and parole revocation hearing.  Exhibit H.  The Commission issued its
23 decision on February 15, 2000.  At that hearing, Petitioner's earlier mandatory release was

---

² Petitioner was technically sentenced to ten years on Count Two; however, the sentence was suspended and he was placed on five years probation "to commence upon release from custody pursuant to the sentence of imprisonment imposed as to Count One."  Exhibit A.

³ As Respondent states, although section 4163 was repealed by the Sentencing Reform Act of 1984, it continues to apply to prisoners, like Petitioner, whose offenses were committed before November 1, 1987 (the effective date of the Sentencing Reform Act).

revoked, he forfeited all of the time he had spent on mandatory release, and he could not be paroled until the mandatory release date on the new four-year sentence. Exhibit I. Petitioner was also ordered to serve the balance of his original 12-year sentence (i.e. 1,624 days) to commence upon his mandatory release from his new sentence to continue to the expiration on the balance of the original sentence. Id. The Commission's decision was affirmed by the National Appeals Board. Exhibit J.

Petitioner was subsequently released from the new 4-year sentence on May 11, 2002, at which time he began serving the remainder of the 12-year sentence. Exhibit K at 4-5. He was then mandatorily released from the balance of the original sentence on November 24, 2003. Exhibit L. At that time, Petitioner had 964 days remaining on the original sentence, and he was required to remain on supervision until the expiration of this sentence, minus 180 days, i.e., January 16, 2006. Exhibit L.

Thereafter, Petitioner again failed to comply with the conditions of supervision, and on May 14, 2004, the Commission issued a warrant charging him with possessing cocaine base. Exhibits M, N. Petitioner was convicted in state court for the drug charge and sentenced to two years and eight months in state prison. Id.

After completing the state sentence on March 28, 2006, Petitioner was again taken into federal custody. Exhibit M at 2. Then on July 26, 2006, after a transfer to Oklahoma City for his revocation hearing, Petitioner agreed to an expedited revocation proposal. Exhibit O at 5; 28 C.F.R. § 2.66. Petitioner agreed in writing to the Commission's proposal to have his parole revoked, forfeit all of the time he spent on parole, and be re-paroled after he had served 32 months. Id. Petitioner was advised that he would receive 26 months credit toward the service of his guidelines for the time served in state custody before the warrant was executed.[4] Id. The Commission issued its decision on July 26, 2006, confirming the proposal signed by Petitioner. Exhibit P.

---

[4] As Respondent states, the proposal erroneously states that Petitioner will serve a total, with credit for 26 months served in state custody, of 58 months. However, Petitioner had been in state custody for 26 months and would serve an additional 8 months under the Commission's proposal.

3

Petitioner was subsequently released on parole on September 29, 2006. Exhibit Q. His parole term was to remain in effect until the expiration of his sentence on November 15, 2008. Id. However, Petitioner yet again failed to comply with the conditions of parole and, on December 20, 2006, a warrant was issued charging him with failing to submit to drug testing, failing to report to his supervising officer as directed, and resisting arrest. Exhibits R, S. He was arrested on this warrant on June 5, 2007. Exhibit T.

Petitioner accepted another expedited revocation proposal on September 20, 2007. Exhibit U at 5. Petitioner accepted the Commission's proposal to revoke his parole, forfeit all of the time he previously spent on parole, and grant re-parole after the service of 12 months. Id. In addition, the Commission ordered the warrant executed, nunc pro tunc, to December 20, 2006. Id. This allowed Petitioner to receive credit toward the service of his sentence for the time spent in custody on a California State parole violator warrant for the same violations that the Commission had charged Petitioner with. Exhibit V. The Commission issued its decision on December 20, 2007, confirming the proposal signed by Petitioner. Exhibit W.

I.   Standard of Review

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991); Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See e.g. Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in

determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole). A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. At the time the instant petition was filed, Petitioner was confined in Bakersfield, California, which is located within the jurisdiction of this Court. 28 U.S.C. § 2254(a); 2241(d). Petitioner has since been transferred to the Federal Correctional Institution in Sheridan, Oregon, but this transfer does not affect the Court's jurisdiction. Mujahid v. Daniels, 413 F.3d 991, 994 (9th Cir. 2005).

II.   Successive Petition

Respondent correctly submits, that the instant petition is Petitioner's third effort to challenge the lawfulness of his custody by initiating a habeas corpus proceeding claiming that he is entitled to receive credit towards the service of his 12-year sentence for time spent in federal custody on his 4-year probation violation term.

Petitioner filed the first petition on January 15, 2002, in the Southern District of Indiana challenging the Commission's decision. Exhibit X. There, Petitioner argued that the Commission unlawfully required consecutive service of his mandatory release violation term and his probation term. Id. at 6. The Court found no merit to Petitioner's claim and dismissed it with prejudice. Exhibit Y. Specifically, the Court found that the Commission's actions were lawful and a proper exercise of its discretion in determining whether the sentences should be consecutive. Id.

Petitioner filed the second petition on September 10, 2002, in the same court alleging, among other things, that the Commission's decision of February 15, 2002, required him to serve in excess of his 12-year sentence. Exhibit Z. The petition was dismissed on January 31, 2003, with prejudice, because the claims were or could have been asserted in the first petition and were without merit. Exhibit AA.

Section 2244 of the United States Code provides, in relevant part:

> (a) *No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the*

> *legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as provided in section 2255.*
>
> (b)(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed.
>
> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was not presented in a prior application shall be dismissed unless-
>
> (A) the application shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
> (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(a), (b)(1)-(b)(3)(A) (emphasis added).

Although the plain language of § 2244 does not indicate the applicability to petitions filed under § 2241, several circuit courts, including the Ninth Circuit, have held that it applies to such petitions. See Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000); Chambers v. United States, 106 F.3d 472, 475 (2d Cir. 1997) (applying § 2244(a) to dismiss a second or successive § 2241 petition seeking to re-litigate a federal prisoner's claim which had been asserted and denied in a prior § 2241 petition); Valona v. United States, 138 F.3d 693, 695 (7th Cir. 1998) (noting that § 2244(a) bars successive petitions under § 2241 "directed to the same issue concerning execution of a sentence.").[5]

Accordingly, applying § 2244(a) to the instant federal petition, it is clear from a review of the record that the issue raised in the instant petition are the same or similar versions of the

---

[5] In addition, the Tenth Circuit Court of Appeals has concurred in unpublished opinions. See Jackson v. Morris, 8 Fed.Appx. 890 (10th Cir. 2001) (unpublished); Gibson v. Knowles, 166 F.3d 1220 (10th Cir. 1999) (Table).

6

claims previously raised, and adjudicated on the merits, to the United States District Court for the Southern District of Indiana. Consequently, the instant petition is a successive petition and should be dismissed pursuant to 28 U.S.C. § 2244(a).

III.     Review of Claims

Even if this petition is not considered to be successive, it fails on the merits. As previously stated, Petitioner contends that the Commission cannot revoke his parole on his original 12-year sentence because he has already served more than 12 years in federal custody. In addition, he contends that the 3 years and 10 months in federal custody that he served for violating his probation has not been credited towards the service of his 12-year sentence.

As Respondent correctly argues, Petitioner received two different and distinct sentences on his original federal conviction. The first sentence was for 12 years on count one. The second sentence was for five years consecutive probation on count two. When Petitioner was first released on parole, from the remaining service on his 12 year sentence, on June 10, 1993, it was at that time that he also began serving his probationary sentence. When Petitioner was sentenced for the violation of probation on June 21, 1999, he was sentenced to a 4 year term on count two. That sentence and the 12 year sentence on count one were consecutive, therefore, the 3 years and 10 months he served counted only towards the 4 years of count two and did not reduce the amount of time he still had to serve on count one.[6] Exhibit A at 3. Petitioner is not entitled to receive credit for this time towards the balance of the original 12-year sentence.

Because Petitioner was also on parole when he committed the offenses, the Commission is authorized by law to determine whether a parole violation term shall run concurrently with, or consecutively to, the new sentence.[7] See 18 U.S.C. § 4210(b)(2) (1976). The Commission determines the date of the execution of the warrant as the beginning date to serve the remaining balance of the original sentence. See Smith v. U.S. Parole Comm'n, 875 F.2d 1361, 1364 (9th

---

[6] Contrary to Petitioner's claim, the 1986 judgment and commitment order did not impose a "split sentence," which is a jail term and probation on the same count.

[7] As Petitioner was on mandatory release when he was released on June 10, 1993, he was under all the requirements that pertain to a parolee. Pursuant to 18 U.S.C. § 4164, prisoners who are mandatorily released under § 4163 are required to complete their sentences "as if released on parole." 18 U.S.C. § 4164.

7

Cir. 1989) (Parole Commission has the sole authority to decide when to execute its warrant and "the federal government has not duty to take anyone into custody"). In the instant case, the Commission determined that the execution date of its warrant would be upon Petitioner's release from both the intervening state sentence and federal sentence resulting from his probation violation. Such determination was permissible, because when a parolee or mandatory releasee has received a new sentence while on parole or mandatory release, the Commission's violator warrant need not be executed until the intervening sentence has been served. See Moody v. Daggett, 429 U.S. 78, 86-89 (1976); Hopper v. U.S. Parole Comm'n, 702 F.2d 842, 848 (9th Cir. 1983); Lepera v. United States, 587 F.2d 433, 435 n.1 (9th Cir. 1978); Vladovic v. Parker, 455 F.2d 495, 496 (9th Cir. 1972). Indeed, it has been determined that a parolee who has been sentenced for an offense committed while on parole is not entitled to have the balance of the first sentence run concurrently with the new sentence. See Smith, 875 F.2d at 1365; Tanner v. Moseley, 441 F.2d 122, 123 (8th Cir. 1971) (Parole Board had the authority to require the unexpired sentence to be served consecutive to the new sentence, despite court order to run new sentence concurrently with unexpired original sentence).

As Respondent submits, this case is akin to the circumstances in U.S. ex. rel. Hahn v. Revis, 560 F.2d 264 (7th Cir. 1977). There, the parolee had a new sentence for a crime committed while on parole, and a new sentence from a prior conviction. The Commission delayed the execution of its warrant during the service of both the new and old sentences, which was upheld by the Seventh Circuit. Id. at 265.

Furthermore, the issuance of a Commission warrant tolls the running of Petitioner's federal sentence until he is apprehended on that warrant. 28 C.F.R. § 2.49(d); Schiffman v. Wilkinson, 216 F.2d 589 (9th Cir. 1954). The Commission's sentence does not begin to run again until its warrant is executed. Moody v. Daggett, 429 U.S. at 84. When parole is revoked, the prisoner does not receive credit for any time in custody prior to the execution of the warrant. See Zerbst v. Kidwell, 304 U.S. 359, 361 (1938) ("service on the second sentence cannot be credited towards the first without doing violence to the plain intent and purpose of the statutes providing for a parole system."); Hopper v. U.S. Parole Comm'n, 702 F.2d at 845; Vladovic v. Parker, 455

F.2d at 496.  Although a prisoner is entitled to time spent in state custody pursuant to 28 C.F.R. § 2.21(c), the Commission is not required to give credit for the balance of the original sentence.[8]

Therefore, at the time Petitioner committed his new crimes in 1993, he simultaneously offended the laws of the State of California, the old federal probation law (18 U.S.C. 3651), and the law which authorized his federal mandatory release (18 U.S.C. 4161 et seq.).  Each separate authority had the independent power to impose a separate sentence for each violation.  At the time the Commission rendered its decision, both the State of California and the United States District Court had imposed its sentences, and it was permissible for the Commission to require Petitioner to serve the balance of his 12-year sentence consecutively to the prior periods of imprisonment.  As such, Petitioner's claim that he was entitled to receive credit for the time he served on the 4-year federal sentence towards the service of the balance of the original 12-year sentence, is without merit.

Petitioner's claim that the Commission did not provide him with a revocation hearing or present its proposal for an expedited revocation until after he had been in custody for more than 90 days after his arrest, is moot.

Title 18, United States Code, section 4214(c), requires a hearing for the accused violator within 90 days of being retaken by the Commission's warrant when there is a new conviction or the parolee has admitted the charges.  Because Petitioner refers to the execution on the warrant on March 20, 2006, and he was paroled on September 29, 2006, his claim is moot, as the ultimate objective in a habeas corpus petition is to obtain release.  See Preiser v. Newkirk, 422 U.S. 395, 401 (1975) (judicial power depends on the existence of a case or controversy); Sample v. Johnson, 771 F.2d 1335 (9th Cir. 1985) (case is moot when the issues are no longer live or the parties no longer have a legally cognizable interest in the outcome of the court's decision).

As to Petitioner's current detention, he was retaken into custody on the Commission's warrant on June 5, 2007, and the Commission sent its proposal for parole revocation on August

---

[8] As Respondent states, in this case, the credit amounted to only 75 months, so it did not satisfy the guidelines for the serious and dangerous crimes Petitioner committed in 1993.

9

8, 2007, well within the statutory deadline.  See Exhibits T, U.

RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. The instant petition for writ of habeas corpus be DENIED; and,

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   June 4, 2008**              /s/ Sandra M. Snyder
                                       UNITED STATES MAGISTRATE JUDGE